(This form is intended to be used by persons who are not represented by an attorney. The form should NOT be used by a prisoner who is filing a complaint under the Civil Rights Act, 42 U.S.C. section 1983. A separate form is obtainable for prisoners.)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA

ROSS A. FIORANI,
NAVY FEDERAL C.U.,
CAPITALONE, PROG. INS.,
ALLSTATE INS., AND
OTHERS SIMILIAR SITUATED.

(Enter above the **FULL** name of each
plaintiff in this action)

14-cv-41-LRR

vs.

**COMPLAINT**

MEGAN HOODJER &
CUNA MUTAL INS. GRP.

_____

_____

_____

(Enter above the **FULL** name of each
defendant in this action)

**Parties**
(In item A below, place your name in the first blank and place your present address and telephone number in the second blank. In the third blank write the state where your home is ("Home State"). In item B below, do the same for additional plaintiffs, if any.)

A.   Name of Plaintiff _ROSS A. FIORANI, 7115 LATOUR CT._

Address & Telephone Number _(703) 719-0272 - KINGSTOWNE, VA._
_22315_

Home State _VIRGINIA_

B.   Additional Plaintiffs (include addresses, telephone numbers and home state for each)

_NAVY FEDERAL CREDIT UNION % MR. R. BERGER_
_P.O. BOX 3000, MERRIFIELD, VA. 22119_
_1-(888) 842-6328 OF (FAX) 703-206-4244_

(In item C below, place the **FULL** name of the defendant in the first blank place, the address and telephone number for the defendant in the second blank. In the third blank, write the state in which the defendant has his/her home. If the defendant is a corporation, list the location of its home office, and the state where it is incorporated, if known. If the defendant is a government agency, simply name it. In item D, do the same for additional defendants, if any.)

C.   Name of defendant _MEGAN HOODJER, ADMIN._

Address & Telephone Number _201 1ST STREET, N.E., WAVERLY, IA_
_1-(888) 859-6289 -_
_50677_
Home State _IOWA_    _1-(855) 726-2513 -(FAX)_

D.   Additional Defendants (include addresses, telephone numbers and home state for each).

_CUNA MUTUAL INS. GRP., % PRESIDENT, CEO_
_201 1ST STREET, N.E., WAVERLY, IOWA 50677_
_1-(888) 859-6289 -_

**STATEMENT OF CLAIM**
_RICO, engagements in criminal consp. with others in_
_illegally blocking, delaying, and hindering paymts_
_of insurance claims to insureds Fiorani & Navy FCU_
_& unfair trade, deceptive business practices act, &_

(State here as briefly as possible the **FACTS** of your case. You **MUST** state **EXACTLY** what each defendant personally did, or failed to do, which resulted in harm to you. State the date **AND** place of all events. Attach an extra sheet if necessary, and write the heading "Part II Continued" at the top of the sheet. Keep to the facts. Do not give any legal arguments or cite any cases.)

The Arsends, pltfs, entered into an insurance contract on pltfs. purch and. loan for a new car in aug. 2013. In Nov. 2013, pltfs filed their insurance claims to CUNA, for the amts. of $50,000.00; CUNA engaged in a crim. consp, violating the Fed. and States ins. commis., unfair And., and deceptive Ins. Pract. Act; and also viol. Va. Cr. Code § 18.2-499 detailed in complt., that has caused pltfs to suffer more severe financial damages resulting by CUNA's (defts) from not paying their $50,000 clm. Now w/triple damages, $600,000.

(If you know, **BRIEFLY** state what **SPECIFIC** law of constitutional provisions defendant(s) violated.)

_____

_____

_____

_____

_____

_____

**RELIEF** Pltfs. request that this Court Order, FORTHWITH, pursuant to these addl. Fed'l. and Circ. Cts. decisions, listed, that CUNA MUTUAL and Megan Hoodjer be ordered to pay, as was done by 12 other Fed'l courts; holding CUNA and Hoodjer and FTC, RICO acts, enumerated in the Complt.

(State briefly **EXACTLY** <u>what you want the Court to do for you.</u> Make no legal arguments. Cite no cases or statutes.)

Order CUNA Mutual to pay these insureds their full, claims amounts in the collective damages of $600,000.00. Declaratory Judgment.

**Signature(s) of Plaintiff(s)**

Signed this 17th day of March, 2014.

Ross A. Fiorani
(Signature of Plaintiff)

(703) 719-0272
(Area Code)-Telephone Number

Ross A. Fiorani, et al.,
7115 Latour Ct.
Kingstowne, Va. 22315

Navy Federal C.U.,
C/o Mr. Robert Burger, V.P.
P.O. Box 3000
Merrifield, Va. 22119

## IN THE
## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA

### Des Moines District

RECEIVED MAR 2 6 2014

**ROSS A. FIORANI**
7115 Latour Court
Kingstowne, VA. 22315

and

**NAVY FEDERAL CREDIT UNION**
Attn.: Legal Department
P.O. Box 3000
Merrifield, VA., 22119-3000

        Plaintiffs, *Et. Al.*,

      v.

**MEGAN HOODJER, Admin.,**
c/o CUNA Mutual Ins. Group
5910 Mineral Point Road
Madison, WI 53701-0391

and

**CUNA MUTUAL INS. GROUP**
5910 Mineral Point Road
Madison, WI 53701-0391

        Defendants, *Et. Al.*,

**SERVE ON:**
   **MEGAN HOODJER**
at her residence, or
     c/o CUNA Mutual Ins. Group
     201 1st Street, NE
     Waverly, IA 50677

and

     **CUNA MUTUAL INS. GROUP**
     201 1st, N.E.
     Waverly, IA 50677

**EMERGENCY COMPLAINT FOR
DECLARATORY RELIEF FOR ALL
FINANCIAL DAMAGES.**

Civil No.: 14-cv-41-LRR

### DEMAND FOR JURY TRIAL

## URGENT EMERGENCY COMPLAINT AND PLAINTIFFS' IMMEDIATE DEMANDS FOR A FINANCIAL ORDERS.

These Plaintiffs, separately or collectively named here, Rosario "Ross" A. Fiorani, ("Fiorani", or "Plaintiff", or "Insured,") and Navy Federal Credit Union, ("Navy", or "Navy Federal", or "Insured), urgently demand judgments on and against Defendants, or in the alternative, an EMERGENCY Order and financial declaratory judgment in favor of Plaintiffs, Insureds, named here.

Insureds collectively assert and claim to this Court what has been raised by more than a dozen other Federal District and Circuit Courts' opinions or decisions, (See Appendix), against Defendants, CUNA, (herein, "CUNA MUTUAL INS. GRP."), by those dozen Federal and Circuit Courts' cases. Those cases have confirmed by being gathered to disclose CUNA's decades of intended, willfully reckless, and systematic pattern to act on plans to engage in a nationwide pattern of criminal RICO activities. Those activities are covered under Federal and State criminal codes, (cited herein), which have engaged in committing insurance violations, including other Federal Consumer Protection Laws, Insurance, and States' Criminal codes and the Interstate Commerce Code, (ICC), *inter alia*, including enumerated Codes, Rules, Statutes, and Regulations, that does GRANT this Court immediate authority under 28 U.S.C. § 2201; 15 U.S.C. § 1651(a); 15 U.S.C. § 45(a), and this Virginia criminal codes, §§ 18.2-22 and 18.2-499, (cited here), in § 500.

Plaintiffs have suffered over more than 11-months, (Oct. 2013 to Apr. 2014), that have included, but are not limited to, Insured Fiorani's not being paid unemployment income at this time, while those Agencies: CFPB, DOJ, and FTC are in the process of filing suits and litigating against those States of Maryland, Virginia, and Pennsylvania, and against each State's DMV, against 80-Dodge dealers, from Plaintiff and his Agency's

four-year criminal investigations against all car dealers operating in some 15-States.

Therefore, Plaintiffs, Insureds, entered into an Insurance Policy with CUNA Mutual Insurance Group, to protect both the borrower, (Fiorani) and lender, (Navy Fed. Credit Union).

On and after October 1, 2013, when the Insureds filed their claims with CUNA, as in all these other criminal, civil, and nationwide insurance investigations opened up by those States' Insurance Commissions, (SIC), and National Association of Insurance Commissioners, (NAIC), have repeatedly discovered that CUNA has made it their intent and practices to refuse to pay, intentionally delay payments, and illegally failed to timely make claims payments, all detailed by each cited Federal criminal, civil suits, that CUNA has also been "found guilty" by those dozen other States' and Federal Courts and Circuit Court's rulings, decisions, and holdings. See. <u>United States v. Ionia Management, Inc.</u>, (citation omitted) (2nd Cir. 2009) (Held: [t]hat a corporation may be **held** **_vicariously liable_** for those activities of a 'rogue employee', even where the company maintains a strict corporate policy . . . prohibiting such activities. . . . The Second Circuit affirmed those defendants' conviction, finding that the broad application of **_corporate criminal liability_** for its Acts committed by an employee is consistent with long-established precedent. The Court found precedent allows the extension of corporate criminal liability for Acts of all employees, not just management. . . . The Ionia decision confirms courts will, . . . **continue to impose principles of vicarious corporate criminal liability**, even when the criminal conduct was committed by low-level employees.").

Accordingly, Plaintiffs are URGENTLY IN NEED for this Court to enter its' emergency Order, COMPELLING this court's intervention on its Congressional powers to act, FORTHWITH, to prevent Insureds' further suffering of more egregious financial damages each day, week, and month that goes by, without this Court's immediate entry of this Urgent Declaratory Judgment, pursuant to 28 U.S.C. §§ 2201; 18 U.S.C. § 1964(c)

and §§ 18.2-499-500, under this Virginia criminal code, detailed here, enumerating the mandatory treble amounts of damages due the Insureds, being damaged each day, week, and months that have passed under the RICO Act, 18 U.S.C. §§ 1961, 1962(c) and § 1964. Defendants, CUNA Mutual Insurance Group were issued Federal court orders, (See Appendix) to timely or promptly pay, without any delay, to pay all incoming claims as filed by their insureds' claim(s) of $600,000.00, with punitive damages included. See United States v. Ionia Management, S.A, (citation omitted) (2nd Cir. 2009). *Supra*.

Wherefore, Plaintiffs urgently request this Court enter its Order against CUNA at its Waverly office, directing its' managers to promptly pay out and over to Plaintiffs, by certified funds or a bank transfer of fund to Navy Federal, insured who will disburse it to those other insured from the amount of $600,000.00, or the minimum claims amounts, after 10-months, (Oct. 2013 to April 2014), $376,750, which includes 11-months of bank fees, excessive interest costs, late payment fees, lost monthly income, lost interest to Fiorani's IRA, 401K, punitive, compensatory, equitable, and court's legal fees, mailing, certified filing costs, research expenses, added medical and personal damages incurred, with punitive damages to be paid to Insured Fiorani under Va. Cr. Code, § 18.2-499-500.

## JURISDICTION AND VENUE

This Court has exclusive jurisdiction pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201. This Court has pendent and supplemental jurisdictions under 28 U.S.C. § 1367, and pursuant to Sherman and Clayton Acts, 15 U.S.C. § 1, and under Virginia criminal code, § 18.2-499-500, and various acts pursuant to the Wisconsin laws, codes, and acts.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)-(c) or (d).

## PARTIES

Plaintiff Fiorani is a resident of the State of Virginia at the time of purchasing his loan-protection policy. Fiorani is at all times, herein a Third-Party Insured, pursuant to Federal and State's Insurance laws, codes, statutes, and regulations, and under the Loan Policy contract. Plaintiff, Insured Fiorani purchased the policy from Navy Federal (and CUNA Mutual Ins. Grp.) on his loan protection for his 2013 Dodge Charger R/T.

Navy Federal is a Federal credit union, and it is headquartered in the State of Virginia, located in Merrifield, Virginia, at the time of suit. Navy Federal is a member of the National Credit Union Administration, (NCUA). And, it is a First-Party Insured under this insurance policy contract.

Navy Federal entered into contractual agreement with CUNA Mutual, pursuant to Federal and their respective States' civil, criminal, insurance, and interstate/intrastate commerce and consumer protection codes, laws, statutes or Acts.

Defendant, Megan Hoodjer is a principal defendant herein. She has intended to breach the insurance contract entered into between: (1) CUNA Mutual and Navy Federal and, (2) Navy Federal and Ross Fiorani, insureds.

Plaintiffs, each have been equally suffering over 11-months, a variety of malicious, vindictive, negligent, but totally severe financial harm to their business interests, reputations, character, and added injuries and foreseeable egregious mental, psychological, and increased medical damages to Fiorani's credit reputation, personal character, integrity, and directly causing Fiorani's trade and business, (employment) damage, a direct and proximate cause resulting from defendant Hoodjer's planned, patterns of criminal acts, vindictively malicious acts pursuant to the Virginia criminal

code, §§ 18.2-22 and 499-500. *Infra.*

> § 18.2-500, states in relevant parts: **Civil Relief; Damages, and Counsel Fees:** "(A). Any person who shall be injured in his reputation, trade, business, or profession by reason of a violation of § 18.2-499, *[can] sue and recover three-times damages sustained and costs of suit, including, but not limited to reasonable fees, costs, and expenses to Plaintiff's counsel, without limiting the generality of the term, "damages" shall include losses of profits, 'income', 'paid expenses', 'fees', etc.*"

CUNA Mutual Insurance Group is a Wisconsin Corporation, having its main head-quarters at 5910 Mineral Point Road, Madison, WI. CUNA sells insurance policies to buyers and creditors for loan protection policies to credit unions.

## CAUSES OF ACTION

### COUNT 1.   BREACH OF CONTRACT

1. Before August 23, 2013, Plaintiff, Navy Federal and Defendant, CUNA Mutual Ins. Grp., had entered into a contract, whereby any or all loans made by Navy Federal, if accepted by a consumer-borrower, will be given to CUNA Mutual Insurance Group, to insure Navy Federal, creditor, from any financial losses or damages caused by or from a borrower.

2. On and after August 24, 2013, Fiorani was granted his new car loan in an amount of about $38,000.

3. Navy Federal offered Fiorani its loan protection insurance policy plan. Fiorani accepted, signed the single page to accept the contract which is to cover, protect, and indemnify or compensate Insureds, Fiorani and Navy Federal, from any such losses, damages, incurred. CUNA was to pay to its Insureds, either or both, that amounts of their claims if Fiorani was unable to pay through no fault of his own., Because he was unable to make payments, the insurance policy with Navy Federal

and Fiorani's VISA credit card account was to promptly start as of November 1.

4. Fiorani filed his insurance claim with Navy Federal at its local branch on October 2, 2013.

5. Navy Federal filed and processed Fiorani's insurance claim with CUNA on or after October 10, 2013.

6. In or after October 2013, to this present date, April 2014, defendants CUNA and Hoodjer, have illegally failed, intentionally refused, and CUNA has deliberately caused claims delays, by also manufacturing or fabricating that Fiorani has to provide documents that do not exist; did not exist; and which would keep CUNA from paying on the insureds entitled insurance benefits Fiorani has paid for over 11 months.

7. Defendants, Hoodjer and CUNA, have knowingly intended to willfully, recklessly and illegally caused breaches of its insurance contracts entered into by, between Navy Federal and CUNA, and also between Navy Federal and Fiorani, as both are insureds under the policies, intended to prevent all financial damages to insureds financial detriment, caused directly by and indirectly resulting from CUNA's premediated criminal activities. See. (13-CUNA State and Federal filed civil suits. Cases & Orders listed in Appendix.).

8. Wherefore, defendants CUNA and Megan Hoodjer, and or through its employees and agents, engaged in her tortious courses of conduct against Plaintiffs, which included, but is not limited to her illegal committed acts that are intended to be damaging to these Insureds, Fiorani and Navy Federal, without legal justification or excuse. CUNA's and Hoodjer's past 10-months acts and illegal conduct were

motivated by actual malice for her intended purposes of willfully and deliberately injuring both Insureds.

As a direct cause and proximate results of defendant Hoodjer's plans or intended designed plans to cause breaches of her fiduciary duty of good faith and fair dealings against insured Fiorani, to suffer over the past 11-months, his increased mental, severe p1ysical harm by their intensified emotional caused suffering with CUNA's aggravated mental harm and increased medical damages to Fiorani's diabetes, high-blood pressure, agitation, and resulting insomnia.

9.   Plaintiffs, Insureds, Navy Federal's, Sr. V.P., Mr. Berger, through this date of the complaint, seeks punitive damages in the amount of $250,000, to compensate or indemnify Plaintiffs and Insureds, for violations under Va. Crim. code § 18.2-499 for nearly a year's financial damages directly or indirectly caused by CUNA's delay in making its required insurance payment(s), unlawfully withheld by CUNA Insurance from Navy Federal and Fiorani, its Insureds.

10.   WHEREFORE, Plaintiffs, Insureds Fiorani and Navy Federal demand damages in the amount(s) of Two-Hundred Thousand Dollars, ($200,000), compensatory damages; and One Million Dollars, ($1,000,000.00), punitive damages, against defendants, jointly or severally, plus all costs, fees, and expenses incurred to bring this suit for declaratory damages.

### COUNT 2.   CONSPIRACY TO VIOLATE RICO

11.   Plaintiffs reallege and incorporate herein, paragraphs 1 through 10, as if it were separately included herein.

12.   Defendants, Hoodjer and CUNA engaged in a criminal conspiracy under Title 18

U.S.C. § 371.

13. Defendants, Hoodjer, while engaging in their scope of employment, with their employer, acting as the primary agent and handler of Insureds' Fiorani and Navy Federal, conspired to violate Title 18 U.S.C. § 371 and § 1962(c) by agreeing to engage in conduct to participate in the affairs of CUNA's enterprises referred to in Count 1, by or through their patterns of racketeering activities within the meaning of Title 18 U.S.C. § 1961(1) (A) or (B) and (5), that is (a) criminal acts of Interstate Commerce of Insurance under the Sherman and Clayton Acts.

14. Defendants have knowingly caused, willfully and intentionally planned as a direct and proximate result of her overt acts, committed by and caused to be committed against CUNA's Insureds, in furtherance of her combined criminal conspiracies, specified under Title 18 U.S.C. § 1964(c). And, defendant Hoodjer has the sole power over or total control over Insureds' Fiorani and Navy Federal's claims for monies due and owing to Fiorani and Navy Federal.

15. Defendants, CUNA and Hoodjer, had deliberately and unlawfully withheld both insureds claims payments owing to Navy Federal. Defendant Hoodjer has directly caused and proximately resulted in causing Fiorani and Navy Federal to incur more excessive bank fees, penalties, substantial losses to Insured Fiorani's business credit, personal credit ratings, and more severe, increased expenses to the loans and credit card accounts, also causing Insured Fiorani to deplete his own retirement accounts, forced to be use his savings and reserved Health funds, life Insurance, IRA, 401K, and other retirement, where Fiorani has no current income from more than 12-months, (2013-2014).

16. Because of Hoodjer's employment, she has malice, vindictiveness, and her planned patterns has caused thousands of other Federal credit union members to lose their income, as here, to Navy's increased interest rates over each day, week, and months, solely resulting in CUNA's condoning, approving, and ignoring Megan Hoodjer's criminal failures and repeated attempts to extort against Fiorani for non-existent papers.

17. Defendant Hoodjer is continuing to unlawfully demand by withholding to Navy's benefit and Fiorani's detriment, CUNA's insurance policy payments in the initiate amount of $65,000, without punitive damages.

18. WHEREFORE, Plaintiffs demand declaratory judgments against each defendant, CUNA or Hoodjer, jointly or separately, in an amount of, Four-Hundred Thousand Dollars, ($400,000.00), compensatory, equitable damages, and punitive damages, under Title 18 U.S.C. § 1962(c) and § 1964(c) in the amount of One-Million Dollars, ($1,000,000.00), treble damages.

## COUNT 3. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

19. Plaintiffs reallege and incorporate herein, paragraphs 1 through 18 as if it were separately included herein.

20. The conduct of these individual defendants, Hoodjer and CUNA, were planned and is CUNA's agents a pattern of illegal activities being committed in nearly 30-States, over more than 10-years.

21. Defendant Hoodjer's conduct was intentional, is oppressive, consists of her acts being malicious and is a wantonly willful disregard of the Federal Insurance Code and each State's own insurance codes, laws, and acts, thereby she is ignoring the

rights and feelings of Insured Fiorani, constitutes despicable conduct, by reason thereof.

22. Plaintiff demands exemplary, compensatory, and punitive damages against defendant Hoodjer in an amount of One Million Dollars, ($1,000,000.00), to punish defendants and to deter their continuous illegal actions and such conduct in the future.

## COUNT 4. INTENTIONAL ACTS OF BAD FAITH

23. Plaintiffs reallege and incorporate herein, paragraphs 1 through 22 as if it were separately included herein.

24. Defendants, CUNA entered into a contract with Navy Federal, among dozens of other credit unions to sell its credit loan protection insurance policies.

25. Defendant CUNA's Insurance contract of insurance was sold to Insured, Plaintiff Fiorani for coverage against loss to his personal property, on or about October 2, 2013.

26. Defendants' agents, Hoodjer, violated a number of Federal and State's Insurance codes, laws, and acts, resulting in her intentional acts of Bad-Faith and Failures to Timely Settle.

27. Plaintiffs have a legitimate, reasonable expectation that an insurance company will honor its policy contract and Plaintiff, Insureds will be paid monies due from a loss when it occurs.

28. Plaintiffs demand exemplary, compensatory, and punitive damages against those defendants and Hoodjer in an amount of One Million Dollars, ($1,000,000.00), jointly and severally, to punish all CUNA defendants by detering their continuous

illegal insurance actions and such conduct in the future.

### COUNT 5.   UNFAIR CLAIMS PRACTICES ACT

29.   Plaintiffs reallege and incorporate herein, paragraphs 1 through 28, as if it were separately included herein.

30.   Defendants did know of, about, and was fully aware that Hoodjer was not going to initiate any payments to Fiorani and Navy Federal.  As a direct cause of defendant Hoodjer's criminal conduct, she committed violation of these States', (Wisconsin, Iowa, and Virginia), laws, whereby she did not have any reasonable or legitimate reasons and basis to illegally deny Plaintiffs' insurance coverage contracts.

31.   Defendant Hoodjer knew, and was aware that Fiorani did not have any of those fraudulently requested documents, and she was recklessly disregarding her required payment of the claim(s).

32.   Defendant CUNA has a long-history of illegally denying legitimate insurance payments on insureds' claims.  By doing so, CUNA has made it their past pattern and illegal, criminal practices for illegally denying and criminally not making timely payments on all such legitimate claims.

33.   WHEREFORE, Plaintiffs Fiorani and Navy Federal demands exemplary damages, compensatory and punitive damages against defendant Hoodjer in an amount of One Million Dollars, ($1,000,000.00), to punish defendants and to deter their continuous illegal actions and such conduct in the future.

### COUNT 6.   VICARIOUS LIABILITY/RESPONDEAT SUPERIOR

34.   Plaintiffs reallege and incorporate herein, paragraphs 1 through 33 as if it were

separately included herein.

35. Defendant Hoodjer is an employee and agent of CUNA, in its' Waverly, office at the time of these insureds, Plaintiffs, filing this proof of loss against CUNA.

36. Defendant Hoodjer was acting as a claim processor of Plaintiff's filed claim with Navy Federal on or after October 1, 2013, to this present date, April 2014.

37. Defendant CUNA Mutual is the employer of defendant Hoodjer at the time she got Plaintiff Navy Federal's claim of loss for Plaintiff Fiorini, its member.

38. Defendant CUNA Mutual has failed, refused, or disregarded the more than 10-months of criminal acts, illegal insurance conduct under dozens of Federal and States' various insurance and consumer protection laws.

39. Defendants CUNA and Hoodjer have failed, refused, and disregarded those States and Federal Insurance laws, codes, statutes, and acts, which require prompt and a timely settlement of all insurance claims pursuant to Wisconsin's, Virginia's, and Iowa's Insurance Commissions'.

40. WHEREFORE, Plaintiffs, Navy Federal and Fiorani demand judgments against defendants CUNA Mutual and Megan Hoodjer in the amount of One Million Dollars, ($1,000,000.00), to punish defendants and to deter their continuous illegal actions and such conduct in the future.

## COUNT 7   UNFAIR TRADE AND DECEPTIVE BUSINESS PRACTICES

41. Plaintiff incorporates into this Count all paragraphs, 1-40, as if they were set forth herein.

42. Defendants, CUNA and Hoodjer did knowingly and intentionally, willfully and recklessly violated this Federal law, codes, rules and acts pursuant to the FTC Act,

"Unfair Trade and Deceptive Business Practices Act", pursuant to Title 15 U.S.C. § 45(a), under § 5 of the Act.

43. At all times relevant to this Complaint, Defendants continued to engage in their separate or collectively committed criminal conduct, over more than 10-months, both adverse to the FTC Act.

44. Defendants have continued to engage in knowingly unlawful, willfully reckless, and deliberately malicious conduct that has consisted of a criminal act of Unfair Insurance Claims and Settlement Practices Act, pursuant to the Virginia, Iowa, and Wisconsin States' codes.

45. Defendants' acts and conduct was immoral, unethical, oppressive, unscrupulous, and was intended to substantially injure Plaintiffs employment needs, income by her knowingly and intentionally undermining the Insureds' timely requirements and demands for prompt and timely payments or settlements pursuant to the Uniform Commercial Code, § 700, and Federal Trade Commission Act, § 45(a).

## COUNT 8    VA. CRIMINAL CODE, § 18.2-499-500

46. Plaintiff incorporates into this Count all paragraphs, 1-45, as if they were set forth herein.

47. Defendants have acted in-concert with others to intentionally harm, injuries, and intend to deliberately cause financial damages to Plaintiff Fiorani and Insureds, Navy Federal and Fiorani, under the definition, "(A). Any person who shall be financially injured in his personal reputation and character, professional trade, business, or intentionally harmed in his credit reputation, rating, or profession integrity by reasons of defendants' acts in violation of § 18.2-499. A Plaintiff *can sue and recover three-times the damages*

sustained and costs of suit, including, but not limited to, reasonable fees, all costs and expenses paid or incurred against Plaintiff and counsel, without limiting the generality of the term, "damages" shall include losses of profits, 'income', 'paid expenses', 'fees', etc."

48. Wherefore, Plaintiff has been suffering over 11-months, a variety of defendants' malicious, deceptively vindictive, willfully negligent, but totally reckless causing of severe financial harm to Fiorani's business interests, reputation, character, and including other injuries.

49. Defendant Hoodjer was aware of her foreseeable acts to cause damages, as a direct result of CUNA's combined egregious misconduct.

50. All has intended to cause psychological anxiety and increased medical injuries to the Insured, by also inflicting tortious harm to Fiorani's credit reputations, personal character, integrity, and thereby intensifying directly to Fiorani, personally and to his trade and business, reputation(employment) damage, a direct and proximate cause that has resulted from defendant Hoodjer's planned, patterns of criminal acts, vindictively malicious acts pursuant to the Virginia criminal code, §§ 18.2-22 and 499-500.

51. WHEREFORE, Plaintiffs, Navy Federal and Fiorani demand judgments against defendants CUNA Mutual and Megan Hoodjer in the amount of One Million Dollars, ($1,000,000.00), to punish defendants and to deter their continuous illegal actions and such conduct in the future.

## DAMAGES AND RELIEF DEMANDED

WHEREFORE, Plaintiffs, insureds demand judgments against each Defendant,

jointly and severally, in an amount of Four-Hundred Thousand Dollars, ($400,000.00),

compensatory damages; Three-Hundred Thousand Dollars, ($300,000.00), equitable

and consequential damages; and One-Million Dollars, ($1,000,000.00), punitive

damages.


Ross A. Fiorani, *et al.*,
Plaintiff, Insureds,
7115 Latour Court
Kingstowne, VA. 22315
(703) 719-0272
valegal53@gmail.com

## APPENDIX OF CASES

1. <u>Thurman v. CUNA Mutual Insurance Society</u>, (ClassAction, 4,461 Pltfs.), Case No. 26463, (Sup. Ct. Of S.D., Aug. 14, 2013). Jdgt., In favor of Insureds, Pltf..

2. <u>West and Shlosky v. CUNA Mutual Insurance Society</u>, (ClassAction), Case No., 11-1259, (USDC-WDPA, Feb. 16, 2012), Jdgt., Split decision, in favor of Insureds, Pltf.

3. <u>Lindsey v. CUNA Mutual Insurance Society, and Doe Defendants, 1-10</u>, Case No., 10-00215, (USDC-DHI, Oct. 29, 2010), Jdgt., In favor of Insureds, Pltf.

4. <u>CUNA Mutual Insurance Society v. Spencer</u>, Case No., 11-5568, (USDC-WEWA, Aug. 12, 2011), Jdgt., In favor of Pltf.

5. <u>Lyons, et al., v. CUNA Mutual Insurance Society, et al.</u>, Case No., 08-CV-01323, (USDC-NDOH, July 16, 2009), Jdgt., Split decision, in favor of Deft.

6. <u>Perovich v. CUNA Mutual Group, and CUNA Mutual Insurance Society</u>, Case No., 09-5060, (USDC-DSD, Nov. 25, 2009), Jdgt., In favor of Pltf., Insured. (Ordered, (Deft. CUNA shall provide all insurance policies under which it may be liable to satisfy all or parts of a judgment in this action; or to indemnify and reimburse for payments made to satisfy the Judgment, from January 1, 2003 to this present.")

7. <u>Keith v. CUNA Mutual Insurance Agency, Inc.</u>, Case No., 08-01368, (USDC-WDWA, June 23, 2009), Jdgt., Split decision, in favor of Insured, ORDER.

8. <u>Kocurek, Individually, and on Behalf of All Others Similarly Situated, v. CUNA Mutual Insurance Society</u>, App. No., 10-51042, (Ct. Of Appeals, Fifth Cir., Jan. 24, 2012), (USDC-WDTX, 08-CV-00581), Jdgt., Split decision in favor of Insured.

9. <u>SECU Dumps CUNA, CCUL</u>. South Carolina Credit Union "dumps" CUNA for 'criminal activities' and suspicions of wrongfully denying members policies.

10. Others available, not cited at this time.

# UNITED STATES DISTRICT COURT
for the

SOUTHERN DISTRICT OF IOWA

DES MOINES

| | |
|---|---|
| Ross A. Fiorani, et al.,<br>NAVY FEDERAL CREDIT UN.<br>and 10 OTHERS, et al.<br><div align="center">*Plaintiff(s)*</div><br><div align="center">v.</div><br>CUNA MUTUAL INS. GRP.,<br>MEGAN HOODJER, et al.,<br><br><div align="center">*Defendant(s)*</div> | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)<br>)<br>)<br>)<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

MEGAN HOODJER, 201 1ST STREET, N.E., WAVERLY, IA
50677

AND,

CUNA MUTUAL INS. GRP., 1ST ST., N.E., WAVERLY, IA
50677

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

NAVY FEDERAL CREDIT UNION, C/O LEGAL DEPT.,
P.O. BOX 3000, MERRIFIELD, VA. 22119; AND/OR
ROSS FIORANI, 7115 LATOUR COURT, KINGSTOWNE, VA.
22315

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

<div align="right">CLERK OF COURT</div>

Date: _____          _____
<div align="right">*Signature of Clerk or Deputy Clerk*</div>



SERVE BY U.S. MARSHAL(S) - S1915(d)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____          _____
                                        *Server's signature*


                                        _____
                                        *Printed name and title*


                                        _____
                                        *Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF IOWA

Ross A. Fiorani, et al
_____
Plaintiff

v.

Cuna Mutual Ins. Grp.,
_____
Defendant

)
)
)
)
)

Civil Action No. _____

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To: Megan Hoodjer, c/o Cuna Mutual Ins. Grp.
_____
(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)

### Why are you getting this?

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within 30 days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

### What happens next?

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: 17th Mar. 2014

_____
Signature of the attorney or unrepresented party

Ross A. Fiorani
_____
Printed name

7115 Latour Court,
Kingstowne, VA. 22315
_____
Address

valegals3@gmail.com
_____
E-mail address

(703)719-0272
_____
Telephone number

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

*Ross A. Fiorani, et al,*

(b) County of Residence of First Listed Plaintiff *Fairfax Co.*
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
*Pro-se*

## DEFENDANTS

*CUNA Mutual Ins. Grp.*  *Waverly, IA*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
*Unknown at this time*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | Liability | ☐ 368 Asbestos Personal | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans | ☐ 340 Marine | Injury Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| (Excludes Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | LABOR | SOCIAL SECURITY | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 791 Employee Retirement Income Security Act | FEDERAL TAX SUITS | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | IMMIGRATION | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | Other: | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
*28 USC § 2201, & 18 USC 3761, et seq.*
Brief description of cause:
*Other Fed'l. Cts have found crim. & ins. laws viols.*

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ *600,000.*

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*  *See attached list*

JUDGE _____   DOCKET NUMBER *S attached*

DATE *March 17, 2014*

SIGNATURE OF ATTORNEY OF RECORD *Ross A. Fiorani, et al, pro-se*

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____




**Extremely Urgent**

Call **1-800-PICK-UPS®** (1-800-74

ROSS FIORANI
(703) 719-0272
THE UPS STORE #3532
#120
1910 KINGSTOWNE CENTER DRIVE
ALEXANDRIA VA 22315

SHIP US. D.C SDIA
TO: 123 E WALNUT ST

0.8 LBS PAK 1 OF 1
SHP WT: .8 LBS
DATE: 20 MAR 2014

DES MOINES   IA 50309-2022



IA 503 9-30

UPS 2ND DAY AIR A.M.     **2A**

TRACKING #: 1Z 8X3 48X 07 6720 0687



BILLING: P/P

ISH 13.00N E2844 48.5V 1/2014

SEE NOTICE ON REVERSE regarding UPS Terms, and notice of limitation of liability. Where allowed by law, shipper authorizes UPS to act on their behalf, agrees the shipper cannot any customs purposes. If imported from the US, shipper certifies that the commodities, technology or software were exported from the US in accordance with the Export Administration Regulations. Diversion contrary to law is prohibited.

 15% Post-Consumer Content



PRIORITY MAIL

UNITED STATES POSTAL SERVICE®

WWW.USPS.COM

Label 107R, February 2006

US DISTRICT COURT
NORTHERN DISTRICT OF IOWA
Clerks Office
111 Seventh Ave SE Box 12
Cedar Rapids, IA 52401-2101



Northern District Case

3/24/14
K

Hasler
03/24/2014
US POSTAGE

$05.05

PRIORITY MAIL
ZIP 50309
011D1161265